PETER SCRIBNER, as Trustee of the Estate in Bankruptcy of FRANK F. BARSTOW and Another, et al., Appellants, v WILLIAM J. HARVEY et al., Respondents. [667 NYS2d 526] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court erred in granting that portion of defendants' motion for partial summary judgment that sought to dismiss as untimely the first cause of action and the related loss of consortium claim. On September 20, 1995, plaintiffs commenced this action, alleging medical malpractice arising from defendants' treatment of Sheri Delyn Barstow (plaintiff) from February 1991 through May 1993. Plaintiffs asserted that defendants' treatment of plaintiff for continuous and developing gynecological dysfunctions included a hysterectomy in May 1991, a right oophorectomy in October 1991 and the removal of plaintiff's left ovary in April 1993. The first cause of action alleged malpractice arising from defendants' treatment of plaintiff in 1991.

Defendants moved for partial summary judgment alleging, *inter alia*, that the first cause of action and the related loss of consortium claim are time-barred because the alleged acts of malpractice in that cause of action occurred more than 2½ years before the action was commenced. Defendants asserted that the continuous treatment doctrine does not apply with respect to that cause of action to toll the Statute of Limitations.

A medical malpractice action must be commenced within 2½ years of the act, omission or failure complained of, or within 2½ years of the "last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). Defendant William J. Harvey, M.D., and defendants' medical expert submitted affidavits stating that the three surgeries performed

on plaintiff were separate and unrelated medical events, each of which arose from entirely different and unrelated conditions. Defendants thereby met their initial burden, establishing that the first cause of action, which concerned treatment in 1991, is time-barred and that the continuous treatment doctrine does not apply to that cause of action.

In determining whether plaintiffs raised an issue of fact concerning the applicability of the continuous treatment doctrine, their version of the facts must be accepted as true (*see, Rizk v Cohen*, 73 NY2d 98, 103). Plaintiffs submitted the affidavit of their medical expert, who stated that the three surgeries were not separate and unrelated events, but, rather, resulted from the continuous treatment of plaintiff arising from defendants' medical malpractice in performing an unnecessary hysterectomy on plaintiff in May 1991. The expert further opined that, as a direct result of the unnecessary hysterectomy, plaintiff developed post-hysterectomy ovarian syndrome, necessitating her October 1991 and April 1993 surgeries. Plaintiffs' counsel submitted an affirmation referencing various portions of plaintiff's medical records. According to those records, in February 1991 plaintiff complained to defendants of cramping and pelvic pain; within weeks after her May 1991 hysterectomy she experienced cramping and lower back pain; and plaintiff had 23 appointments at defendants' office between February 1991 and May 1993. Counsel also noted that, before and shortly after her right ovary was removed in October 1991, plaintiff complained to defendants of pain in her lower left side. Plaintiffs thereby raised an issue of fact with respect to the applicability of the continuous treatment doctrine. Thus, the court erred in granting that portion of defendants' motion for partial summary judgment dismissing the first cause of action and the related loss of consortium claim (*see, Neureuther v Calabrese*, 195 AD2d 1035; *Shumway v DeLaus*, 152 AD2d 951, *lv dismissed* 75 NY2d 946). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present— Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.