■ MARINA SHISTER et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [882 NYS2d 224]—

In an action to recover damages for medical malpractice, etc., (1) the defendant New York City Health and Hospitals Corporation appeals, and the defendant Inna Inoyatova separately appeals, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated December 7, 2007, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against

each of them, and (2) the defendant New York City Health and Hospitals Corporation appeals, as limited by its brief, from so much of an order of the same court (Dabiri, J.), dated April 28, 2008, as, upon reargument, adhered to the original determination in the order dated December 7, 2007.

Ordered that the appeal by the defendant New York City Health and Hospitals Corporation from the order dated December 7, 2007, is dismissed, as so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it was superseded by the order dated April 28, 2008, made upon reargument; and it is further,

Ordered that the order dated December 7, 2007, is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Inna Inoyatova which was for summary judgment dismissing the complaint insofar as asserted against her is granted; and it is further,

Ordered that the order dated April 28, 2008, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the original determination in the order dated December 7, 2007, as denied that branch of the motion of the defendant New York City Health and Hospitals Corporation which was for summary judgment dismissing the complaint insofar as asserted against it is vacated, and that branch of the motion is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs allege that medical malpractice delayed the diagnosis of the decedent's uterine cancer, resulting in her death in 2004. In March 1999 the decedent underwent a gynecological examination at the gynecological clinic at Coney Island Hospital, which is part of the defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC). In April 1999 the clinic performed an endometrial biopsy of the decedent's uterus, which was negative for any malignancy. Thereafter the decedent was treated at Coney Island Hospital for other conditions, including removal of her gall bladder in October 1999. She returned to the gynecological clinic in June 2000 for her annual examination. However, she left without being examined by a doctor.

The Supreme Court, upon granting the motion of the NYCHHC for reargument of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, erred in denying summary judgment based upon the continuous treatment doctrine. The continuous treatment doctrine provides that " 'when the course of treatment

which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint,' the limitations period does not begin to run until the end of the treatment" (*Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 8 [2007], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see* CPLR 214-a). "Essential to the . . . doctrine is [that the] course of treatment [be related to the condition which] gives rise to the lawsuit . . . Routine examination of a seemingly healthy patient, or visits concerning matters unrelated to the condition [at issue] giving rise to the claim, are insufficient to invoke the benefit of the doctrine" (*Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002] [citation omitted]; *see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *McDermott v Torre*, 56 NY2d 399, 406 [1982]).

In response to NYCHHC's showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to the application of the continuous treatment doctrine (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]). The plaintiffs failed to submit competent evidence that the decedent's subsequent treatment at NYCHHC was related to her symptoms of March and April 1999. Since the course of treatment relating to the alleged malpractice ended in April 1999, the plaintiffs' complaint, filed in August 2001, was untimely insofar as asserted against NYCHHC (*see* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2), as added by L 1969, ch 1016, § 1, as amended]; *Mignott v New York City Health & Hosps. Corp.*, 250 AD2d 165 [1998]; *see also* Public Authorities Law § 2981; EPTL 5-4.1 [1]).

The denial of the motion of the defendant Inna Inoyatova for summary judgment dismissing the complaint insofar as asserted against her also was error. The decedent sought regular treatment from Inoyatova in August 2000 for a variety of medical conditions, and the decedent misrepresented that she had a normal mammogram and pap smear in April 2000. On March 28, 2001, when the decedent complained of vaginal bleeding, Inoyatova referred her for a gynecological examination. A pap smear did not reveal cancer, but additional testing did.

Inoyatova established her prima facie entitlement to judgment as a matter of law by submitting an affidavit of a medical expert who opined, based on the medical records and depositions, that she did not depart from accepted medical practices and that none of her actions or omissions was a proximate cause

of any injury (*see Costello v Kirmani*, 54 AD3d 656 [2008]; *Perro v Schappert*, 47 AD3d 694 [2008]). In response, the plaintiffs failed to raise a triable issue of fact as to whether a typographical error in Inoyatova's record of the decedent's medical history was a proximate cause of any injury to the decedent.

The plaintiffs' expert claimed that Inoyatova committed medical malpractice proximately causing injury when she failed to ascertain from the decedent's certified medical records from Coney Island Hospital that the decedent had misreported that she had a gynecological examination in 2000. He further claimed that, since a woman of the decedent's age and medical history required a gynecological examination every year, Inoyatova's failure to order a gynecological examination in 2000 delayed discovery of the cancer, reducing the decedent's life expectancy. This opinion is based upon mere speculation (*see Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]). Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.