■ Vanessa K. Shanahan et al., Respondents, v Janet H. Sung et al., Defendants, and Paul J. Wopperer, M.D., et al., Appellants. [904 NYS2d 853]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered August 4, 2009 in a medical malpractice action. The order denied the motion of defendants Paul J. Wopperer, M.D. and Paul J. Wopperer, M.D., P.C. for summary judgment and granted the cross motion of plaintiffs for leave to amend the complaint.

It is hereby ordered that the order so appealed from is modified on the law by denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action alleging, inter alia, that defendant Paul J. Wopperer, M.D. negligently "caused and/or allowed" a metallic fragment to break off from a needle that had been placed in the right breast of Vanessa K. Shanahan (plaintiff) to enable Dr. Wopperer to locate a nonpalpable mass during a biopsy procedure in June 2005. Contrary to the contention of the Wopperer defendants (collectively, defendants), Supreme Court properly denied their motion for summary judgment dismissing the complaint against them inasmuch as defendants failed to establish as a matter of law that the metallic fragment detected in plaintiff's right breast in December 2005 and removed in March 2006 did not result from the June 2005 biopsy. In support of the motion, defendants submitted an affidavit of Dr. Wopperer in which he

asserted that the metallic fragment entered plaintiff's right breast prior to the June 2005 procedure. At his deposition, however, Dr. Wopperer testified that he had "no opinion whatsoever" whether the metallic fragment was present in plaintiff's breast before the June 2005 biopsy, and he testified that he was not aware from plaintiff's prior medical history of any manner in which a metal fragment could have become embedded in plaintiff's breast. Defendants also submitted the deposition testimony of a physician who opined that plaintiff "got a metallic density in her breast from the previous surgery," but was unable to identify *which* surgery. Notably, Dr. Wopperer also performed a biopsy procedure on plaintiff in May 2004. Although the above-referenced physician testified at her deposition that, based upon her review of plaintiff's MRI films from 2004 and 2005, a "white artifact" that she identified as the metallic fragment was present in plaintiff's breast before the June 2005 biopsy, it should be noted that the physician did not set forth that observation in her December 2005 MRI report despite reviewing the same films at that time. Rather, she stated in her report only that she identified a metallic artifact at the "12:00 position" of the right breast, which was the same position of the mass removed in June 2005. We thus conclude that the burden never shifted to plaintiffs to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Suib v Keller*, 6 AD3d 805, 806 [2004]).

We agree with the further contention of defendants, however, that the court abused its discretion in granting plaintiffs' cross motion for leave to amend the complaint to include a cause of action asserting that the metallic fragment was left in plaintiff's right breast during the May 2004 biopsy performed by Dr. Wopperer, inasmuch as that cause of action is time-barred. We therefore modify the order accordingly. The May 2004 biopsy was performed more than 2½ years before plaintiffs commenced this action, and we conclude that the continuous treatment doctrine does not apply to toll the statute of limitations (*see* CPLR 214-a; *see generally Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]). CPLR 214-a provides that "[a]n action for medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of or *last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure*" (emphasis added). Here, the act, omission or failure complained of is leaving a metallic fragment in plaintiff's right breast. Even assuming, arguendo, that the act took place in May 2004, we conclude that the "illness, injury or condition" giving rise to that act was the palpable nodule detected in

plaintiff's right breast in March 2004, and it is undisputed that plaintiff sought no further treatment for that condition after the nodule was removed. Thus, the course of treatment related to the condition prompting the May 2004 biopsy—the palpable nodule found in the "11 o'clock area" of plaintiff's right breast—ended in May 2004 with the removal of that nodule (*see Shister v City of New York*, 63 AD3d 1032, 1034 [2009]). The detection of a new nodule in a different position of plaintiff's right breast in April 2005 prompted a second course of treatment that continued until January 2006, when Dr. Wopperer last treated plaintiff. We thus conclude that the two biopsies were "discrete and complete" events that cannot be linked by way of the continuous treatment doctrine (*Davis v City of New York*, 38 NY2d 257, 260 [1975]). Although Dr. Wopperer continued to monitor plaintiff for fibrocystic changes in her breasts after the May 2004 biopsy, it is well established that "neither the mere 'continuing relation between physician and patient' nor 'the continuing nature of a diagnosis' is sufficient to satisfy the requirements of the doctrine" (*Nykorchuck*, 78 NY2d at 259).

All concur except Green and Gorski, JJ., who dissent in part and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting in part). We respectfully dissent in part, and would affirm. We agree with the majority that Supreme Court properly denied the motion of the Wopperer defendants (collectively, defendants) for summary judgment dismissing the complaint against them. As the majority concludes, defendants failed to meet their initial burden of establishing that the metallic fragment detected in the right breast of Vanessa K. Shanahan (plaintiff) in December 2005 and removed in March 2006 did not result from the June 2005 biopsy performed by defendant Paul J. Wopperer, M.D. We further note that defendants failed to submit any evidence that the distortion identified by a physician on a December 2005 MRI film of the right breast no longer appeared on any image or film following the subsequent removal of the metal fragment from that breast in March 2006. We thus conclude that defendants, by their own submissions and lack thereof, raised a triable issue of fact when the metallic fragment was placed in plaintiff's breast. Indeed, Dr. Wopperer testified at his deposition that he was unsure whether the distortion seen on the December 2005 MRI film was indicative of metal, and the deposition testimony of the aforementioned physician indicated that the distortion detected on the June 2005 preoperative film could have been calcification rather than a metallic "spot."

In light of the above, we cannot agree with the majority that the court abused its discretion in granting plaintiffs' cross motion for leave to amend the complaint to include an additional cause of action. In that proposed cause of action, plaintiffs sought to assert that the metallic fragment was negligently left in plaintiff's right breast during a biopsy performed by Dr. Wopperer in May 2004, 13 months before the June 2005 biopsy from which this action arises (*see generally Aurora Med. Group, P.C. v Genewick*, 68 AD3d 1769 [2009]). In light of both our conclusion and that of the majority that defendants failed to establish as a matter of law when the metallic fragment entered plaintiff's body, we are compelled to conclude that the majority is inconsistent in determining that there is no issue of fact concerning the applicability of the continuous treatment doctrine.

"[U]nder the continuous treatment doctrine, 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint,' the limitations period does not begin to run until the end of treatment" (*Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 8 [2007]; *see Shister v City of New York*, 63 AD3d 1032, 1033-1034 [2009]). "Included within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*McDermott v Torre*, 56 NY2d 399, 406 [1982]; *see Couch v County of Suffolk*, 296 AD2d 194, 196 [2002]). Although the May 2004 biopsy was a separate procedure performed more than 2½ years before plaintiffs commenced this action, plaintiffs submitted evidence that plaintiff returned to Dr. Wopperer as late as August 2005 complaining of pain in her right breast and that the pain was related to the existence of the metallic fragment in her breast, inasmuch as the pain resolved following the removal of the metallic fragment from plaintiff's body. Thus, if we assume the truth of plaintiffs' allegation that the metallic fragment was left in plaintiff's breast in May 2004, as we must in the context of determining whether the continuous treatment doctrine applies (*see Scribner v Harvey*, 245 AD2d 1120, 1121 [1997]), we may also conclude that in August 2005 plaintiff sought treatment related to the initial procedure in May 2004 (*see generally McDermott*, 56 NY2d at 405-406; *Couch*, 296 AD2d at 196). The court therefore properly granted plaintiffs' cross motion (*see Aurora Med. Group, P.C.*, 68 AD3d 1769 [2009]; *see generally Couch*, 296 AD2d at 196). "Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where[, as here,] the amendment is not patently lacking in merit" (*Anderson v Nottingham Vil. Homeowner's Assn.*,

*Inc.*, 37 AD3d 1195, 1198 [2007], *amended on rearg* 41 AD3d 1324 [2007] [internal quotation marks omitted]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.