■ Louis Herzberg et al., Respondents, v Orange & Rockland Utilities, Inc., Appellant. [923 NYS2d 843]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), entered July 26, 2010, as denied its cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Louis Herzberg did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the order appealed from, we do so on a ground different from that relied upon by the Supreme Court. The Supreme Court erred in concluding that the defendant met its prima facie burden of showing that the plaintiff Louis Herzberg (hereinafter the injured plaintiff), who allegedly sustained injuries to, inter alia, his temporomandibular joints (hereinafter TMJs) as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). The defendant's submissions did not es-

tablish, prima facie, that the alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*cf. Scotti v Boutureira*, 8 AD3d 652 [2004]), or that the injuries were not caused by the subject accident.

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.