# SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

673
CA 10-01799
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

JOSEPH MORAN AND ROSE MARIE MORAN,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

JOSEPH L. MUSCARELLA, JR., D.O., ET AL.,
DEFENDANTS,
KALEIDA HEALTH, BUFFALO GENERAL HOSPITAL,
MELINDA S. BARONE, RNFA, SINISA MARKOVIC, M.D.,
AND BUFFALO ANESTHESIA ASSOCIATES, P.C.,
DEFENDANTS-RESPONDENTS.

---

GELBER & O'CONNELL, LLC, AMHERST (HERSCHEL GELBER OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK D. ARCARA OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS KALEIDA HEALTH, BUFFALO GENERAL HOSPITAL,
AND MELINDA S. BARONE, RNFA.

BROWN & TARANTINO, LLC, BUFFALO (SUSAN A. EBERLE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS SINISA MARKOVIC, M.D. AND BUFFALO ANESTHESIA
ASSOCIATES, P.C.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered May 19, 2010 in a medical malpractice action. The order granted the motions of defendants Kaleida Health, Buffalo General Hospital, Melinda S. Barone, RNFA, Sinisa Markovic, M.D., and Buffalo Anesthesia Associates, P.C. for summary judgment dismissing the complaint and all cross claims against them.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action to recover damages for injuries sustained by Joseph Moran (plaintiff) while he was undergoing a total thyroidectomy, central node dissection and right lateral node dissection. Defendant Joseph L. Muscarella, Jr., D.O., plaintiff's private physician, performed the surgery at defendant Buffalo General Hospital (Hospital), which was owned, operated and controlled by defendant Kaleida Health (Kaleida). Dr. Muscarella was assisted by, inter alia, defendant Melinda S. Barone, RNFA, who was employed by the Hospital. Dr. Muscarella was also assisted by defendant Sinisa Markovic, M.D., who was employed by defendant Buffalo Anesthesia Associates, P.C. (collectively, Markovic

defendants).  According to plaintiffs, defendants improperly positioned him using two positioning devices during the surgery, causing him to sustain injuries to his back and right arm.  We conclude that Supreme Court properly granted the motion of Barone, the Hospital and Kaleida (collectively, Hospital defendants), as well as the motion of the Markovic defendants, for summary judgment dismissing the complaint and all cross claims against them.

We conclude that the Hospital defendants established their entitlement to judgment as a matter of law.  It is well settled that, "[i]n general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence or the attending physician's orders were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness of [his or her orders]" (*Toth v Bloshinsky*, 39 AD3d 848, 850).  Here, it is undisputed that Dr. Muscarella was a private physician chosen by plaintiff.  It is also undisputed that the Hospital's employees were following the orders of Dr. Muscarella and that he had the ultimate responsibility in positioning plaintiff with the positioning devices used during the surgery.  There is also no evidence that Dr. Muscarella's orders "were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness of [his orders]" (*id.; see Lorenzo v Kahn*, 74 AD3d 1711, 1712-1713).

We further conclude that the Markovic defendants established their entitlement to judgment as a matter of law.  In support of their motion, the Markovic defendants submitted, inter alia, Dr. Markovic's expert affirmation in which he opined that the care and treatment of plaintiff was at all times within the standard of care.  Dr. Markovic also averred that it was Dr. Muscarella's responsibility to position plaintiff using the positioning devices (*see generally Graziano v Cooling*, 79 AD3d 803, 804).

Once the Hospital defendants and the Markovic defendants established their entitlement to judgment as a matter of law, "[t]he burden then shifted to plaintiffs to raise triable issues of fact by submitting a physician's affidavit both attesting to a departure from accepted practice and containing the attesting [physician's] opinion that [those] defendant[s'] omissions or departures were a competent producing cause of the injury" (*O'Shea v Buffalo Med. Group, P.C.*, 64 AD3d 1140, 1141, *lv dismissed* 13 NY3d 834 [internal quotation marks omitted]).  Contrary to plaintiffs' contention, the expert affidavits submitted in opposition to the motions "are speculative [and] unsupported by any evidentiary foundation" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544), and thus they are insufficient to raise triable issues of fact.  We have reviewed plaintiffs' remaining contention and conclude that it is without merit.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court