■ Victor Savage, Respondent, v Leslie M. Quinn et al., Defendants, and Margaret M. Parker et al., Appellants. [937 NYS2d 265]—

On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053 [2011]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 710 [2011]; *Stukas v Streiter*, 83 AD3d 18, 24-26 [2011]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant . . . so as to demonstrate the existence of a triable issue of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Stukas v Streiter*, 83 AD3d at 24). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d at 711).

Margaret M. Parker, Stony Brook Children Services U.F.P.C., incorrectly sued herein as Stony Brook Children's Service, P.C., and Stony Brook Internists, P.C. (hereinafter collectively the Stony Brook defendants) made a prima facie showing of Parker's entitlement to judgment as a matter of law through, inter alia, the plaintiff's medical chart and the affirmation of Parker's expert physician. These submissions demonstrated that Parker

did not start treating the plaintiff until after he was diagnosed with meningitis, and that her treatment of him thereafter was not negligent. Likewise, the defendant Frances D. Nesti made a prima facie showing of her entitlement to judgment as a matter of law through, among other things, the plaintiff's medical chart and the affidavit of her expert physician, which demonstrated that she did not start treating the plaintiff until after he was diagnosed with meningitis, and that her treatment of him thereafter was not negligent.

In opposition to these showings, the plaintiff failed to submit any affidavits of medical experts to support the claims of malpractice and to refute Parker's and Nesti's submissions. Thus, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Thomas v Richie*, 8 AD3d 363, 364 [2004]).

Moreover, contrary to the plaintiff's contention, the motions of the Stony Brook defendants and Nesti were not premature. The plaintiff failed to demonstrate that additional discovery may have led to relevant evidence or that the facts essential to oppose the motion were exclusively within the knowledge and control of these defendants (*see* CPLR 3212 [f]; *Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207 [2011]; *Gasis v City of New York*, 35 AD3d 533, 534 [2006]). The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process" is an insufficient basis for denying the motion (*Gasis v City of New York*, 35 AD3d at 534-535).

Further, the Supreme Court erred in denying the motion of the defendants Carlos I. Duran and Randal Medzoyan for summary judgment dismissing the complaint insofar as asserted against them. Duran and Medzoyan were medical students at the time that the plaintiff was treated. They established, prima facie, that they did not exercise independent medical judgment. In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court, however, did not err in denying that branch of the Stony Brook defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Stony Brook Children Services U.F.P.C., incorrectly sued herein as Stony Brook Children's Service, P.C., and Stony Brook Internists, P.C., as these defendants failed to submit any evidence to support that branch of their motion. Since these defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff' opposition papers (*see Herzberg v Orange & Rockland Utils., Inc.*, 84 AD3d 874 [2011]).

In light of the foregoing, the Supreme Court should have granted that branch of the Stony Brook defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Parker, and the separate motions of Nesti, and Duran and Medzoyan, for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, A.P.J., Balkin, Chambers and Roman, JJ., concur.