In an action to recover damages for medical malpractice, the defendant William Sonstein appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, J.), dated March 8, 2011, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant William Sonstein for summary judgment dismissing the complaint insofar as asserted against him is granted.
*902 The plaintiff asserts, inter alia, that the defendant William Sonstein failed to diagnose and treat a staph infection that he developed after undergoing a craniotomy. The plaintiff alleges that Sonstein’s failure to diagnose and treat the infection allowed the infection to fulminate and ultimately required the plaintiff to undergo surgical intervention. The plaintiff commenced this action against Sonstein and others alleging medical malpractice. In the order appealed from, the Supreme Court, inter alia, denied Sonstein’s motion for summary judgment dismissing the complaint insofar as asserted against him. Sonstein appeals and we reverse the order insofar as appealed from.
“In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiffs injuries” (Stukas v Streiter, 83 AD3d 18, 23 [2011]; see Caggiano v Cooling, 92 AD3d 634 [2012]). A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiffs injuries (see Faicco v Golub, 91 AD3d 817, 818 [2012]; Stukas v Streiter, 83 AD3d at 24). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (see Savage v Quinn, 91 AD3d 748, 750 [2012]), but only as to the elements on which the defendant met the prima facie burden (see Stukas v Streiter, 83 AD3d at 30).
Here, Sonstein established his prima facie entitlement to judgment as a matter of law on the issues of deviation or departure from accepted community standards of medical practice and proximate cause. The plaintiff contends that, because Sonstein included in support of his motion an affidavit which had been prepared by the plaintiffs expert which opined that Sonstein deviated from good and accepted standards of medical malpractice, and that those deviations proximately caused the plaintiffs injuries, Sonstein failed to demonstrate his prima facie entitlement to judgment as a matter of law. However, contrary to the plaintiffs contention, the plaintiffs expert’s affidavit was insufficient to preclude the award of summary judgment (see Barnett v Fashakin, 85 AD3d 832 [2011]). Sonstein demonstrated that the plaintiffs expert’s affidavit was conclusory (see generally Savage v Quinn, 91 AD3d 748 [2012]; Salvia v St. Catherine of Sienna Med. Ctr., 84 AD3d 1053 [2011]), and speculative (see generally Lau v Wan, 93 AD3d 763 [2012]; Shister v City of New York, 63 AD3d 1032 [2009]).
*903 In opposition, the plaintiff failed to raise a triable issue of fact. In this regard, the plaintiff submitted, inter alia, the same expert’s affidavit which had previously been submitted by Sonstein.
Accordingly, the Supreme Court should have granted Son-stein’s motion for summary judgment dismissing the complaint insofar as asserted against him. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.