Angelhow v Chahfe (2019 NY Slip Op 05437)





Angelhow v Chahfe


2019 NY Slip Op 05437


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


85 CA 18-00571

[*1]JAMIE ANGELHOW, PLAINTIFF-RESPONDENT,
v
FAYEZ CHAHFE, M.D., CHAHFE MEDICAL PROFESSIONAL RECRUITMENT, LLC, DOING BUSINESS AS THE CHAHFE CENTER, AND ST. ELIZABETH MEDICAL CENTER, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DARREN JAY EPSTEIN, ESQ., P.C., NEW CITY (DARREN J. EPSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered January 24, 2018. The order denied defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part, dismissing the complaint against defendants Chahfe Medical Professional Recruitment, LLC, doing business as The Chahfe Center, and St. Elizabeth Medical Center, and dismissing the complaint against defendant Fayez Chahfe, M.D., as amplified by the bill of particulars, insofar as it relates to claims arising from the 2005 surgery, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries allegedly caused during a near-total thyroidectomy performed by defendant Fayez Chahfe, M.D. (Dr. Chahfe) in 2005 and a total thyroidectomy performed by Dr. Chahfe in 2010. Plaintiff asserted causes of action for malpractice and lack of informed consent based on allegations that Dr. Chahfe deviated from the appropriate standard of care and failed to obtain informed consent, and that defendant Chahfe Medical Professional Recruitment, LLC, doing business as The Chahfe Center (Chahfe Center) and defendant St. Elizabeth Medical Center (St. Elizabeth) are vicariously liable for Dr. Chahfe's conduct. In appeal No. 1, defendants appeal from an order of Supreme Court (Gall, J.) that denied their motion for summary judgment dismissing the complaint. In appeal No. 2, defendants appeal from an order of Supreme Court (Gilbert, J.) that denied their motion seeking leave to renew and/or reargue their prior motion for summary judgment.
We agree with defendants in appeal No. 1 that the court erred in denying that part of their motion seeking summary judgment dismissing the complaint against the Chahfe Center and St. Elizabeth, and we therefore modify the order in appeal No. 1 accordingly. Defendants met their initial burden on their motion by submitting the affidavit of Dr. Chahfe, who explained that he was not employed by either the Chahfe Center or St. Elizabeth, and that the Chahfe Center was an entity focused on physician recruitment and was not involved in plaintiff's care (see generally Moran v Muscarella, 85 AD3d 1579, 1580 [4th Dept 2011]; Brown v DePuy AcroMed, Inc., 21 AD3d 1431, 1433 [4th Dept 2005]). Plaintiff failed to raise an issue of fact in opposition to that part of the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To the extent that plaintiff now relies on quotations from the Chahfe Center's website, that contention is not properly before us inasmuch as it is raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]) and relies on material outside of the record on appeal (see Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018]). To the [*2]extent that plaintiff contends that Dr. Chahfe held various positions at St. Elizabeth and that those positions raised an issue of fact regarding St. Elizabeth's vicarious liability for Dr. Chahfe's conduct, that contention is improperly raised for the first time on appeal (see Ciesinski, 202 AD2d at 985) and, in any event, lacks merit (see Demming v Denk, 48 AD3d 1207, 1209-1210 [4th Dept 2008], lv denied 10 NY3d 710 [2008]).
We reject defendants' contention in appeal No. 1 that the court erred in denying defendants' motion with respect to the claim that plaintiff's injuries were caused by Dr. Chahfe's negligence during the 2010 surgical procedure. Defendants failed to meet their initial burden on their motion because they failed to establish that Dr. Chahfe " complied with the accepted standard of care or did not cause an injury to [plaintiff]' " (Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]). Although defendants who move for summary judgment in a medical malpractice action may submit the affirmation of a defendant physician in order to meet their initial burden, the affirmation must be "detailed, specific and factual in nature . . . and must address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars" (Boland v Imboden, 163 AD3d 1408, 1409 [4th Dept 2018], lv denied 32 NY3d 912 [2019] [internal quotation marks omitted]; see Macaluso v Pilcher, 145 AD3d 1559, 1560 [4th Dept 2016]). Here, defendants submitted the affirmation of Dr. Chahfe, in which he averred that he did not deviate from the standard of care and did not cut plaintiff's laryngeal nerve. Dr. Chahfe also stated in his affirmation, however, that he could not rule out that a complication occurred by a means other than cutting the laryngeal nerve. Dr. Chahfe did not explain in his affirmation why those other possible complications would not be a deviation from the standard of care or be the result of malpractice. Thus, Dr. Chahfe's affirmation did not sufficiently refute the allegations in plaintiff's bill of particulars that Dr. Chahfe negligently damaged the laryngeal nerve by a process other than cutting.
We also reject defendants' contention in appeal No. 1 that the court erred in denying defendants' motion with respect to the claim that Dr. Chahfe did not obtain plaintiff's informed consent for the 2010 surgical procedure. Defendants failed to meet their initial burden on their motion with respect to that issue because their submissions included plaintiff's deposition, wherein plaintiff disputed that Dr. Chahfe informed her of the risks, benefits, and alternatives to surgery in 2010 (see Tirado v Koritz, 156 AD3d 1342, 1344-1345 [4th Dept 2017]). We further reject defendants' contention that Dr. Chahfe established that a fully informed and reasonable individual would have proceeded with the surgery, inasmuch as Dr. Chahfe stated in his affirmation that non-surgical options may have also been appropriate for plaintiff, thus raising an issue of fact whether plaintiff would have opted for surgery had she been fully informed (see generally Gray v Williams, 108 AD3d 1085, 1086 [4th Dept 2013]). Defendants' contention that the statute of limitations bars plaintiff's claim that there was a lack of informed consent for the 2010 surgery is improperly raised for the first time on appeal (see Ciesinski, 202 AD2d at 985).
We agree with defendants in appeal No. 1, however, that the court erred in denying defendants' motion with respect to plaintiff's claims arising from the 2005 surgical procedure, and we therefore further modify the order in appeal No. 1 accordingly. Defendants established that those claims are time-barred inasmuch as more than 2½ years elapsed between the date of the alleged conduct and the commencement of the action (see Bruno v Gosy, 48 AD3d 1147, 1148 [4th Dept 2008]), and plaintiff failed to raise an issue of fact in opposition. Contrary to plaintiff's contention, the continuous treatment doctrine does not apply. It is undisputed that plaintiff did not treat with Dr. Chahfe in relation to the 2005 surgery after her final follow-up appointment in 2005, and that she did not return to Dr. Chahfe until 2010. The surgical procedures in 2005 and 2010 were " discrete and complete' events that cannot be linked by way of the continuous treatment doctrine" (Shanahan v Sung, 75 AD3d 1132, 1134 [4th Dept 2010]), and there was no evidence of anticipated further treatment related to the 2005 procedure at the time plaintiff left Dr. Chahfe's care in 2005 (see generally Sofia v Jimenez-Rueda, 35 AD3d 1247, 1249 [4th Dept 2006]).
Finally, we conclude that appeal No. 2 must be dismissed inasmuch as that part of defendants' motion seeking leave to renew was actually seeking leave to reargue, and no appeal lies from an order denying leave to reargue. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). In the context of a motion for leave to renew, "new facts" means "facts [*3]that were unavailable at the time of [the] prior motion" (Hill v Milan, 89 AD3d 1458, 1458 [4th Dept 2011]).
Here, following the denial of defendants' summary judgment motion, defendants moved for recusal of the Justice who decided that motion based on an allegation that she was biased against Dr. Chahfe. That Justice denied the allegation of bias, but nevertheless granted the motion and recused herself, citing a desire to prevent further delay of the proceedings. Defendants then moved for leave to renew and/or reargue their motion for summary judgment before the subsequently assigned Justice. We conclude that the recusal of the Justice who ruled on the motion for summary judgment, in and of itself, was not a "new fact . . . that would change the prior determination" (CPLR 2221 [e] [2]), especially where, as here, that Justice categorically denied any bias and granted the recusal motion for reasons other than alleged bias. Furthermore, defendants' papers establish that Dr. Chahfe was aware of the facts underlying his allegation of bias prior to the filing of defendants' motion for summary judgment, and thus the allegation of bias was not a "new fact" at the time defendants moved for leave to renew and/or reargue their motion for summary judgment. Thus, defendants' motion for leave to renew and/or reargue did not present any "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and the motion was therefore actually only a motion for leave to reargue, the denial of which is not appealable (see Hill, 89 AD3d at 1458).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court