■ KRISTINA SHEENAN-CONRADES, Appellant, v WINIFRED MASTERSON BURKE REHABILITATION HOSPITAL et al., Respondents. [858 NYS2d 280]—In an action to recover damages for medi-

cal malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered January 5, 2007, which granted the separate motions of the defendant Winifred Masterson Burke Rehabilitation Hospital and the defendant Sudhir Vaidya for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Thompson v Orner*, 36 AD3d 791, 791-792 [2007]). The defendants established their prima facie entitlement to judgment as a matter of law by the submission of extensive medical records and two expert affidavits, both of which opined, to a reasonable degree of medical certainty, that neither the defendant Winifred Masterson Burke Rehabilitation Hospital nor the defendant Sudhir Vaidya, departed from the accepted standard of care (*see Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800 [2008]; *Thompson v Orner*, 36 AD3d at 792).

In opposition, the vague and conclusory allegations contained in the affidavit of the plaintiff's medical expert were insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800 [2008]; *Thompson v Orner*, 36 AD3d 791 [2007]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.