■ JEAN BOUTIN, JR., Respondent, v BAY SHORE FAMILY HEALTH CENTER et al., Appellants, et al., Defendant. [872 NYS2d 523]—

In an action to recover damages for medical malpractice, the defendants Bay Shore Family Health Center and County of Suffolk, the defendants Southside Hospital, Robert J. Lipari, and Bay Shore OBS/GYN Group, P.C., also known as Bay Shore OB/GYN Group, P.C., and the defendant Bernadita Lazo separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 29, 2007, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from by the defendants Bay Shore Family Health Center and County of Suffolk, and the defendant Bernadita Lazo, on the law, and the motions of the defendants Bay Shore Family Health Center and County of Suffolk, and the defendant Bernadita Lazo, respectively, for summary judgment dismissing the complaint insofar as asserted against them are granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Southside Hospital, Robert J. Lipari, and Bay Shore OBS/GYN, P.C., also known as Bay Shore OB/GYN Group, P.C., and it is further,

Ordered that one bill of costs is awarded to the defendants Bay Shore Family Health Center and County of Suffolk and the defendant Bernadita Lazo, appearing separately and filing separate briefs, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendants Southside Hospital, Robert J. Lipari, and Bay Shore OBS/GYN Group, P.C., also known as Bay Shore OB/GYN Group, P.C.

The defendant Dr. Robert J. Lipari met his prima facie burden of establishing his entitlement to judgment as a matter of law by submitting an affirmation from an expert obstetrician/gynecologist (hereinafter OB/GYN) which demonstrated, prima facie, that he did not depart from good and accepted medical practice in his treatment of the plaintiff, and that his treatment

was not a proximate cause of the plaintiff's injuries (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Rebozo v Wilen,* 41 AD3d 457 [2007]). However, in opposition, the plaintiff submitted affirmations from an expert OB/GYN and an expert radiologist, which were sufficient to raise triable issues of fact as to whether Lipari departed from good and accepted medical practice and whether such departures were a proximate cause of the plaintiff's injuries (*see Rosenman v Shrestha,* 48 AD3d 781, 784 [2008]; *Barbuto v Winthrop Univ. Hosp.,* 305 AD2d 623 [2003]). Accordingly, the motion for summary judgment dismissing the complaint insofar as asserted against Lipari was properly denied.

Southside Hospital failed to establish, as a matter of law, that it was not vicariously liable for Dr. Lipari's alleged malpractice (*see Malcolm v Mount Vernon Hosp.,* 309 AD2d 704 [2003]; *Delprete v Victory Mem. Hosp.,* 191 AD2d 673 [1993]). A triable issue of fact exists as to whether the plaintiff sought treatment from Southside Hospital, rather than from a particular physician (*see Halkias v Otolaryngology-Facial Plastic Surgery Assoc.,* 282 AD2d 650 [2001]; *Augeri v Massoff,* 134 AD2d 308, 309 [1987]). Therefore, the motion for summary judgment dismissing the complaint insofar as asserted against Southside Hospital was properly denied, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324).

In response to the showing of the defendant Bernadita Lazo of her entitlement to judgment as a matter of law in that she did not depart from accepted standards of medical care, the plaintiff contended that she demonstrated a triable issue of fact as to whether Dr. Lazo was negligent in, inter alia, failing to order a repeat sonogram of the plaintiff's mother. However, this was refuted by the mother's medical records, which showed that a repeat sonogram was ordered to be performed as required in the 37th or 38th week of pregnancy, but that she went into labor before it was done. The plaintiff's physician's speculative and conclusory allegations failed to raise a triable issue of fact as to the sufficiency of that medical order or as to any other action taken by or inaction of Lazo (*see Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.,* 51 AD3d 769 [2008]; *Shahid v New York City Health & Hosps. Corp.,* 47 AD3d 800 [2008]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Summary judgment dismissing the complaint should also have been awarded to the defendants Bay Shore Family Health Center and the County of Suffolk, as the complaint alleges that any liability on their part is based only upon their vicarious li-

ability for the acts of Dr. Lazo. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.