■ CYNTHIA LANDRY, Appellant, v DAVID JAKUBOWITZ et al., Appellants, and NOEL HECHT et al., Respondents. [889 NYS2d 677]—

The plaintiff commenced this action alleging that the defendant dentists failed to appropriately treat an infection in her mouth, resulting in serious complications. The defendants Noel Hecht, Steven Wettan, Steven Izzo, and Chaim Stern (hereinafter the respondents) moved for summary judgment dismissing the complaint insofar as asserted against them. In opposition to the motion, the plaintiff argued, inter alia, that Hecht and Wettan were liable for the individual acts of Izzo because he was their partner, or, at least, an employee of their partnership. In reply, the respondents argued that the theory that Hecht and Wettan were liable for Izzo's acts had not been pleaded and was thus not properly before the court. The Supreme Court denied that branch of the motion which sought dismissal against Izzo individually, but granted those branches of the motion which sought dismissal against Hecht, Wettan, and Stern. The court held, in part, that the plaintiff had not sufficiently pleaded that Hecht and Wettan were liable for the acts of Izzo. The plaintiff appeals from so much of the order as granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against Hecht and Wettan. We modify.

We note that there is no challenge before us to the denial of that branch of the motion which sought dismissal of the complaint insofar as asserted against Izzo, and therefore the claim that he committed malpractice will proceed to trial. The plaintiff specifically alleged in her complaint that all of the "dentists . . . and other personnel who provided and/or were involved in the diagnosis, care and treatment of the plaintiff at the . . . dental center . . . were agents, servants and/or employees of [Hecht and Wettan] and were working within the scope of their agency and/or employment." Further, the complaint alleged that the plaintiff was a patient of Hecht and Wettan or their "partners, agents, servants and/or employees." Evidence in the record supports the allegation that Izzo was a partner or employee of Wettan and Hecht. Consequently, the complaint sufficiently alleged that Wettan and Hecht were responsible for the acts of Izzo (*see* Partnership Law §§ 24, 26; *Wadsworth v Beaudet,* 267 AD2d 727 [1999]; *Fanelli v Adler,* 131 AD2d 631, 632 [1987]; *cf. Kavanaugh v Nussbaum,* 71 NY2d 535, 547

[1988]). Inasmuch as there are issues of fact with respect to the liability of Wettan and Hecht for the acts of Izzo, the Supreme Court erred by dismissing the complaint insofar as it alleged such liability.

Contrary to the plaintiff's contention, however, Hecht established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him for his own alleged individual acts of malpractice (*see Luu v Paskowski*, 57 AD3d 856, 857-858 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). The affidavit of the plaintiff's expert was based on speculation, and was therefore insufficient to rebut the moving defendants' prima facie showing (*see Boutin v Bay Shore Family Health Ctr.*, 59 AD3d 368, 370 [2009]). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Hecht for his own acts. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.