■ MONEE MCKENZIE, an Infant, by Her Mother and Natural Guardian, SIMONA GRAHAM, Respondent, v HEATHER CLARKE et al., Defendants, and LOUIS D. CAMILIEN, Appellant. [908 NYS2d 370]—In an action, inter alia, to recover damages for medical malpractice, the defendant Louis D. Camilien appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 17, 2009, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant established his prima facie entitlement to judgment as a matter of law by submitting expert affirmations which demonstrated that he did not depart from good and accepted medical practice in his treatment of the plaintiff, and that his treatment was not a proximate cause of the plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769, 770 [2008]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]). In opposition, however, the plaintiff submitted the affidavits of three experts which were sufficient to raise triable issues of fact as to whether the appellant departed from good and accepted medical practice and whether such departure was a proximate cause of the plaintiff's injuries (*see Boutin v Bay Shore Family Health Ctr.*, 59 AD3d 368 [2009]; *Roca v Perel*, 51 AD3d 757, 759 [2008]). Summary judgment may not be awarded in a medical malpractice action where the parties adduce conflicting opinions of medical experts (*see Shields v Baktidy*, 11 AD3d 671, 672 [2004]; *Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]). Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him was properly denied. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.