■ DIGNORAH PICHARDO, as Administratrix of the Estate of DIGNORA COLLADO, Deceased, et al., Respondents, v LUIS OSCAR HERRERA-ACEVEDO, M.D., Appellant, et al., Defendants. [908 NYS2d 446]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Luis Oscar Herrera-Acevedo appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered June 18, 2009, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Luis Oscar Herrera-Acevedo for summary judgment dismissing the complaint insofar as asserted against him is granted.

The appellant established his prima facie entitlement to judgment as a matter of law through expert evidence that his alleged departures from good and accepted medical practice were not the proximate cause of the decedent's injuries. Even if the appellant had diagnosed the decedent's cancer at the first opportunity, the treatment rendered and ultimate outcome would have been identical (see *Swezey v Montague Rehab & Pain Mgt.*,

*P.C.*, 59 AD3d 431 [2009]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800 [2008]).

In opposition, the plaintiffs submitted an affirmation of their own expert stating that the appellant failed to order diagnostic tests or perform a rectal examination consistent with good and accepted medical practices and thereby delayed the diagnosis and treatment of the decedent's colorectal cancer. However, the plaintiffs failed to raise a triable issue of fact as to whether the delay in diagnosis and treatment was a proximate cause of the decedent's injuries (*see Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769 [2008]; *Dellacona v Dorf*, 5 AD3d 625 [2004]). Therefore, the appellant's cross motion for summary judgment should have been granted. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.