■ LORRAINE SALVIA, Respondent, v ST. CATHERINE OF SIENNA MEDICAL CENTER, Appellant, et al., Defendant. [923 NYS2d 856]—

In an action to recover damages for medical malpractice, etc., the defendant St. Catherine of Sienna Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohen, J.), dated June 18, 2009, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant St. Catherine of Sienna Medical Center is granted.

In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). On a motion for summary judgment, a defendant has the burden of establishing the absence of any

departure from good and accepted medical practice or that the plaintiff was not injured thereby (*Heller v Weinberg*, 77 AD3d at 622-623). In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact (*see Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]). "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment" (*Heller v Weinberg*, 77 AD3d at 623).

St. Catherine of Siena Medical Center, sued herein as St. Catherine of Sienna Medical Center (hereinafter the hospital), established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against it by submitting an expert physician's affidavit asserting that any alleged departures were not a proximate cause of the plaintiff's decedent's injuries and death. The plaintiff failed to raise a triable issue of fact regarding proximate cause sufficient to defeat that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the hospital (*see Pichardo v Herrera-Acevedo*, 77 AD3d 641, 641-642 [2010]; *Raymundo v Westchester County Med. Ctr.*, 292 AD2d 437 [2002]; *see also Stukas v Streiter*, 83 AD3d 18, 26 [2011]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was summary judgment dismissing the complaint insofar as asserted against the hospital. Covello, J.P., Eng, Chambers and Miller, JJ., concur.