■ Angela Moray, as Administratrix of the Estate of Gerard Moray, Deceased, Respondent, v City of Yonkers et al., Appellants. [944 NYS2d 210]—

In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant City of Yonkers appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Westchester County (Smith, J.), dated November 18, 2010, which, inter alia, denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged that it was negligent for failing to properly supervise the plaintiff's decedent, and the defendant Ahmed Hakki appeals from stated portions of the same order which, among other things, denied that branch of his motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, Angela Moray, was married to the decedent, Gerard Moray, who was employed as a police officer by the defendant City of Yonkers, and under the psychiatric care of the defendant Ahmed Hakki, when he shot and injured her and then fatally shot himself. The plaintiff contended, among other things, that the City was negligent in failing to properly supervise the decedent, and that Hakki's treatment of the decedent was negligent.

The City failed to make a prima facie showing of its entitlement to judgment as a matter of law with respect to the plaintiff's allegations that City's failure to remove the decedent's service revolver and refer him for a mental evaluation were proximate causes of the injuries sustained by the plaintiff when the decedent shot her, and of the decedent's suicide (cf. Cygan v City of New York, 165 AD2d 58 [1991]). In light of the City's failure to make a prima facie showing, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of Hakki's motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice against him. Although Hakki made a prima facie showing of entitlement to judgment as a matter of law with the affidavit of his expert witness, demonstrating that he did not depart from good and accepted psychiatric care in his treatment of the decedent, the plaintiff raised triable issues of fact in response to that showing, with the affidavit of her expert witness. Summary judgment should not be awarded with respect to a medical malpractice

cause of action where the parties adduce conflicting opinions of medical experts (see *McKenzie v Clarke*, 77 AD3d 637, 638 [2010]).

The parties' remaining contentions are without merit. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.