■ JANE BHIM et al., Respondents, v MICHAEL DOURMASHKIN, M.D., et al., Defendants, and JOHN PLATZ, M.D., et al., Appellants. [999 NYS2d 471]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Michelle N. Johnson and Donna Marchant appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated November 14, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants John Platz and North Shore University Hospital also appeal from the order.

Ordered that the appeals by the defendants John Platz and North Shore University Hospital are dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant Michelle N. Johnson and dismissing the cause of action alleging lack of informed consent insofar

as asserted against the defendant Donna Marchant, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants Michelle N. Johnson and Donna Marchant, without costs or disbursements.

On June 24, 2005, the plaintiff Jane Bhim (hereinafter the injured plaintiff) underwent a kidney stone lithotripsy procedure under general anesthesia at North Shore University Hospital. After the lithotripsy procedure, while in the recovery room, the injured plaintiff developed shortness of breath, chest pain, and hypotension. An electrocardiogram was performed, and the results were normal. Testing indicated that the injured plaintiff's hematocrit and hemoglobin were normal, and a hemorrhage was ruled out. However, a laboratory analysis of the injured plaintiff's cardiac enzymes indicated that she had an elevated level of troponin, indicating a cardiac event. In an effort to determine the cause of these symptoms, the injured plaintiff's treating physician called for a cardiology consult. The injured plaintiff was seen by the appellant Michelle N. Johnson, a cardiologist, who immediately sent her to the cardiac catheterization lab. That afternoon, the appellant Donna Marchant, an interventional cardiologist, performed a cardiac catheterization, placed an intra-aortic balloon pump (hereinafter IABP), and started the injured plaintiff on Heparin, an anticoagulant. Following the procedure, the injured plaintiff was admitted to the coronary care unit.

The following day, the injured plaintiff began complaining of pain in her left flank and had gross hematuria (blood in the urine). That evening, the injured plaintiff's hematocrit and hemoglobin dropped to lower than normal. At 3:15 a.m. on June 26, 2005, the injured plaintiff went into cardiac arrest and was resuscitated. The Heparin was thereafter discontinued and the IABP removed, and at 4:29 a.m. an emergency exploratory laparotomy was performed. After diffuse oozing was observed from the surface of the injured plaintiff's left kidney, it was removed.

The injured plaintiff, and her husband suing derivatively, commenced this action against Drs. Johnson and Marchant, among others, to recover damages, inter alia, for medical malpractice and lack of informed consent. Insofar as relevant here, the Supreme Court denied that branch of the motion of Johnson and Marchant which was for summary judgment dismissing the complaint insofar as asserted against them.

A physician moving for summary judgment dismissing a cause of action to recover damages for medical malpractice must establish, prima facie, either that there was no departure from

good and accepted medical practice or that any alleged departure was not a proximate cause of the plaintiff's injuries (*see Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). The burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant physician meets the initial burden (*see Savage v Quinn*, 91 AD3d 748, 750 [2012]), and only as to the elements on which the defendant met the prima facie burden (*see Hayden v Gordon*, 91 AD3d 819, 821 [2012]; *Stukas v Streiter*, 83 AD3d at 24). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment (*see Savage v Quinn*, 91 AD3d at 749; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1054 [2011]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 711 [2011]).

Here, Johnson and Marchant established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them through the submission of their deposition testimony, the injured plaintiff's hospital records, and the affirmation of a medical expert stating that Johnson and Marchant did not deviate from the relevant standard of care in their treatment of the injured plaintiff. In opposition, the plaintiffs' expert interventional cardiologist opined that, after the placement of the IABP and administration of Heparin intravenously, Johnson and Marchant departed from acceptable standards of care by failing to monitor the injured plaintiff for bleeding, failing to timely discontinue the Heparin, and failing to timely treat the injured plaintiff's bleeding on June 25 and 26, 2005, and that these departures were a substantial factor in bringing about the injured plaintiff's injuries. The plaintiffs' submissions raised a triable issue of fact as to whether Marchant's treatment of the injured plaintiff departed from accepted standards of medical practice (*see Guzzi v Gewirtz*, 82 AD3d 838 [2011]). However, they failed to raise a triable issue of fact as to whether Johnson's treatment of the injured plaintiff departed from accepted standards of medical care, as Johnson did not perform the catheterization, place the IABP, or prescribe Heparin. She merely examined the injured plaintiff as a consulting cardiologist and referred her to the catheterization lab. Therefore, the plaintiffs' submissions were insufficient to raise a triable issue of fact as to whether Johnson departed from good and accepted practice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 323-325 [1986]; *Elias v Bash*, 54 AD3d 354, 357-358 [2008]; *Aharonowicz v Huntington Hosp.*, 22 AD3d 615 [2005]; *Boone v North Shore*

*Univ. Hosp. at Forest Hills*, 12 AD3d 338, 339 [2004]; *Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281 [1998]; *Al Malki v Krieger*, 213 AD2d 331, 333-334 [1995]). Accordingly, the Supreme Court should have granted that branch of the subject motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Johnson.

The Supreme Court also should have granted that branch of the motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against both Johnson and Marchant. The complaint generally alleged that these defendants failed to obtain the injured plaintiff's informed consent for their "proposed course of treatment." In their bills of particulars and amended bills of particulars served in response to demands by Johnson and Marchant, the plaintiffs alleged that "[h]ad the patient been informed of risks of course of treatment, and alternatives, treatment course[ ] would have been refused" and "[a]lternative treatments include but are not limited to other methods of having kidney stones removed, doing nothing, and being referred to a competent urologist." Although the plaintiffs' expert witness disclosure raised a new theory of liability, i.e., that Johnson and Marchant did not properly obtain the injured plaintiff's informed consent to place the IABP and administer Heparin, in moving for summary judgment, Johnson and Marchant were only required to address and rebut the specific allegations of malpractice set forth in the plaintiffs' complaint and bills of particulars (*see Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *Terranova v Finklea*, 45 AD3d 572, 572 [2007]).

Johnson and Marchant established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent insofar as asserted against them by demonstrating that neither of them was a urologist or performed the lithotripsy procedure on the injured plaintiff. In opposition, the plaintiffs failed to rebut the prima facie showing of entitlement to judgment as a matter of law, as they did not address that cause of action or specifically oppose that branch of the motion (*see* Public Health Law § 2805-d; *see also Deutsch v Chaglassian*, 71 AD3d 718, 719-720 [2010]; *Schel v Roth*, 242 AD2d 697 [1997]; *Rebozo v Wilen*, 41 AD3d 457, 459 [2007]).

We have not considered matter dehors the record referred to in the respondents' brief (*see Aronov v Shimonov*, 105 AD3d 787, 789 [2013]; *Tsikotis v Pioneer Bldg. Corp.*, 96 AD3d 936 [2012]; *Poupis v Brown*, 90 AD3d 881, 883 [2011]). Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.