■ Florence Raucci et al., Respondents, v Richard G. Shinbrot, D.O., et al., Appellants, et al., Defendants. [5 NYS3d 314]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants Richard G. Shinbrot and Richard G. Shinbrot, D.O., P.C., appeal, and the defendants Matthew J. McKinley and ProHealthcare Association, LLP, separately appeal, as limited by their respective

briefs, from so much of (1) an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated October 12, 2012, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) an order of the same court, entered July 5, 2013, as, upon renewal and reargument, adhered to its original determination.

Ordered that the appeals from the order dated October 12, 2012, are dismissed, as that order was superseded by the order entered July 5, 2013, made upon renewal and reargument; and it is further,

Ordered that the order entered July 5, 2013, is reversed insofar as appealed from, on the law, with one bill of costs, upon renewal and reargument, the determination in the order dated October 12, 2012, denying the separate motions of the defendants Richard G. Shinbrot and Richard G. Shinbrot, D.O., P.C., and the defendants Matthew J. McKinley and ProHealthcare Association, LLP, for summary judgment dismissing the complaint insofar as asserted against each of them is vacated, and those separate motions are thereupon granted.

Medical malpractice actions are governed by a $2^{1/2}$-year statute of limitations (see CPLR 214-a). "However, the continuous treatment doctrine acts to toll the statute when 'there has been a course of treatment established with respect to the condition that gives rise to the lawsuit'" (Marks v Model, 53 AD3d 533, 533 [2008], quoting Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]; see Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 8 [2007]).

In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants Richard G. Shinbrot and Richard G. Shinbrot, D.O., P.C. (hereinafter together the Shinbrot defendants), established, prima facie, that so much of the plaintiffs' medical malpractice cause of action insofar as asserted against them as was premised on allegations of malpractice occurring prior to March 28, 2007, was time-barred. The Shinbrot defendants performed a laparascopic cholecystectomy on the plaintiff Florence Raucci (hereinafter the injured plaintiff) on December 2, 2005. The Shinbrot defendants acknowledged that they continued to provide related postoperative care to the injured plaintiff, but demonstrated that they did so only through March 28, 2006. The plaintiffs commenced this action on September 28, 2009. Thus, the Shinbrot defendants established, prima facie, that so much of the plaintiffs' medical malpractice cause of action insofar as asserted against them as was premised on acts or omissions occurring prior to March 28, 2007, or $2^{1/2}$ years before the commencement of this action, was time-barred.

Upon renewal and reargument, in opposition to the Shinbrot defendants' motion, the plaintiffs submitted evidence that Shinbrot referred the injured plaintiff to the defendant physician Matthew J. McKinley in late March 2006, and they submitted copies of certain letters from McKinley to Shinbrot dated April 5, 2006, and May 22, 2006, respectively, in which McKinley explained his evaluation of the injured plaintiff to Shinbrot. These letters were insufficient to raise a triable issue of fact as to whether the injured plaintiff continued to seek an actual course of treatment from the Shinbrot defendants beyond March 28, 2006, let alone subject herself to such a course of treatment by affirmative and ongoing conduct such as surgery, therapy, or the prescription of medications (*see Schwelnus v Urological Assoc. of L.I., P.C.*, 94 AD3d 971, 973 [2012]; *Gomez v Katz*, 61 AD3d 108, 111-112 [2009]). A mere continuing relationship between physician and patient does not qualify as a course of treatment for purposes of the statutory toll (*see Nykorchuck v Henriques*, 78 NY2d at 259; *McDermott v Torre*, 56 NY2d 399, 405 [1982]). Furthermore, the medical condition giving rise to the injured plaintiff's proffered reason for submitting to the initial procedure performed by the Shinbrot defendants on December 2, 2005, was different from the condition that gave rise to the reason given for calling in Shinbrot for a consultation when she was hospitalized in May 2007 (*see generally Schwelnus v Urological Assoc. of L.I., P.C.*, 94 AD3d at 973). Thus, in opposition to the Shinbrot defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the continuous treatment doctrine tolled the commencement of the limitations period beyond March 28, 2006. Accordingly, the Supreme Court, upon renewal and reargument, should have granted that branch of the Shinbrot defendants' motion which was for summary judgment dismissing, as time-barred, so much of the medical malpractice cause of action insofar as asserted against them as was premised on alleged malpractice occurring prior to March 28, 2007, or 2½ years before the commencement of this action.

With respect to the substance of the plaintiffs' causes of action, the requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of medical practice, and evidence that such deviation or departure was a proximate cause of injury or damage (*see Lau v Wan*, 93 AD3d 763, 765 [2012]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). "A physician moving for summary judgment dismissing a cause of ac-

tion to recover damages for medical malpractice must establish, prima facie, either that there was no departure from good and accepted medical practice or that any alleged departure was not a proximate cause of the plaintiff's injuries" (*Bhim v Dourmashkin*, 123 AD3d 862, 863-864 [2014]; *see Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). "The burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant physician meets the initial burden, and only as to the elements on which the defendant met the prima facie burden" (*Bhim v Dourmashkin*, 123 AD3d at 864 [citation omitted]; *see Hayden v Gordon*, 91 AD3d 819, 821 [2012]; *Stukas v Streiter*, 83 AD3d at 24).

Although the applicable limitations period did not bar that portion of the medical malpractice cause of action asserted against the Shinbrot defendants which arose from acts occurring on or after March 28, 2007, upon renewal and reargument, the Shinbrot defendants established their prima facie entitlement to judgment as a matter of law dismissing that portion of the cause of action by submitting an expert affirmation demonstrating that they did not depart from good and accepted medical practice in their treatment of the injured plaintiff, and that, in any event, their treatment of the injured plaintiff was not a proximate cause of her injuries (*see McKenzie v Clarke*, 77 AD3d 637, 638 [2010]; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769, 770 [2008]; *Rebozo v Wilen*, 41 AD3d 457, 459 [2007]). Similarly, McKinley and ProHealthcare Associates, LLP, incorrectly sued herein as ProHealthcare Association, LLP (hereinafter together the ProHealthcare defendants), also established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against them by submitting an expert affirmation of a physician specializing in internal medicine and gastroenterology, which demonstrated that they did not depart from good and accepted medical practice in their treatment of the injured plaintiff, and that, in any event, their treatment was not a proximate cause of her injuries (*see McKenzie v Clarke*, 77 AD3d at 638; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d at 770; *Rebozo v Wilen*, 41 AD3d at 459).

In opposition to these showings, the plaintiffs failed to raise a triable issue of fact. "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient

to defeat a defendant's motion for summary judgment" (*Bhim v Dourmashkin*, 123 AD3d at 864; *see Savage v Quinn*, 91 AD3d 748, 749 [2012]). Here, the redacted affirmation of an expert surgeon and critical care specialist submitted by the plaintiffs was conclusory, speculative, and without evidentiary support in the record and, therefore, was insufficient to raise a triable issue of fact (*see Duvidovich v George*, 122 AD3d 666, 667 [2014]; *Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 820 [2014]; *Khosrova v Westermann*, 109 AD3d 965, 967 [2013]). Accordingly, upon renewal and reargument, the Supreme Court should have granted that branch of the Shinbrot defendants' motion which was for summary judgment dismissing so much of the medical malpractice cause of action insofar as asserted against them as was premised on acts or omissions occurring on or after March 28, 2007, and that branch of the ProHealthcare defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them.

With regard to the cause of action alleging lack of informed consent, the plaintiffs failed to raise a triable issue of fact in opposition to the prima facie showings of the Shinbrot defendants and the ProHealthcare defendants to entitlement to judgment as a matter of law, as the plaintiffs did not address or specifically oppose those branches of the motions which were referable to that cause of action (*see Rebozo v Wilen*, 41 AD3d at 459; *see also Bhim v Dourmashkin*, 123 AD3d at 865; *Deutsch v Chaglassian*, 71 AD3d at 719-720). Accordingly, upon renewal and reargument, the Supreme Court should have granted those branches of the separate motions which were for summary judgment dismissing the cause of action alleging lack of informed consent.

In light of our determination, we need not reach the plaintiffs' remaining contentions.

Accordingly, upon renewal and reargument, the Supreme Court should have granted, in their entirety, the Shinbrot defendants' and the ProHealthcare defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.