■ DEBORAH LEAVY, Individually and as Administratrix of the Estate of THOMAS LEAVY, Deceased, Respondent, v LOUIS THAYER MERRIAM, M.D., et al., Appellants, et al., Defendants. [20 NYS3d 117]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Louis Thayer Merriam, Alice Greene, Ira J. Rampil, and Stony Brook Surgical Associates, P.C., appeal, and the defendants Jennifer Whittemore and Kristine O'Hara separately appeal, as limited by their respective briefs, from so much of an amended order of the Supreme Court, Suffolk County (Molia, J.), dated May 28, 2013, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them respectively.

Ordered that the amended order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Jennifer Whittemore and Xiusheng Qin which was for summary judgment dismissing the complaint insofar as asserted against Jennifer Whittemore, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Louis Thayer Merriam, Alice Green, Ira J. Rampil, Stony Brook Surgical Associates, P.C., and Kristine O'Hara, and one bill of costs to the defendant Jennifer Whittemore payable by the plaintiff.

In November 2004, the plaintiff's decedent underwent a surgical procedure to remove his gallbladder. He was cleared for surgery by the defendant Dr. Alice Greene. The procedure was performed by the defendant Dr. Louis Thayer Merriam. The defendant Dr. Ira J. Rampil, an anesthesiologist, cared for the decedent in the recovery room after the operation, and he was assisted by the defendant Dr. Jennifer Whittemore, who was then a second-year anesthesiology resident. The defendant Dr. Kristine O'Hara, then a first-year surgical resident, treated the decedent after he was discharged from the recovery room. The decedent suffered a heart attack two days after the operation and was transferred to an intensive care unit. While in the intensive care unit, the decedent was examined by the defendant Dr. Xiusheng Qin, a second year hematology fellow. The decedent recovered, but suffered a second heart attack about a month later, and died. The plaintiff, the decedent's wife, commenced this action as administrator of the decedent's estate and individually, alleging, inter alia, medical malpractice against these defendants, among others. As relevant to this ap-

peal, the Supreme Court denied the motion of Merriam and Stony Brook Surgical Associates, P.C. (hereinafter Stony Brook), the motion of Greene, the motion of Rampil, and the motion of O'Hara for summary judgment dismissing the complaint insofar as asserted against each of them, and denied that branch of the motion of Whittemore and Xiusheng Qin which was for summary judgment dismissing the complaint insofar as asserted against Whittemore.

In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1053-1054 [2011]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1053-1054; *Heller v Weinberg*, 77 AD3d at 622-623). In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact (*see Stukas v Streiter*, 83 AD3d at 23-24).

Here, the defendants Merriam, Stony Brook, Greene, Rampil, and O'Hara established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting the affidavits of their experts, who opined that they did not deviate or depart from accepted medical practice. However, in opposition, the plaintiff raised a triable issue of fact, through the affirmation of her expert, as to whether these defendants departed from good and accepted medical practice and, if so, whether such a departure was a proximate cause of the decedent's injuries (*see Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088 [2014]). The contention of Merriam, Stony Brook, Greene, and Rampil that the plaintiff's expert was unqualified to give an expert opinion on the standard of care of a general surgeon and an anesthesiologist merely because the expert was a cardiologist is without merit. An expert witness must possess the requisite skill, training, knowledge, or experience to ensure that an opinion rendered is reliable (*see Tsimbler v Fell*, 123 AD3d 1009, 1009-1010 [2014]; *Behar v Coren*, 21 AD3d 1045 [2005]; *Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895 [2004]; *La-Marque v North Shore Univ. Hosp.*, 227 AD2d 594 [1996]). Once

a medical expert establishes, as was done here, his or her knowledge of the relevant standards of care, he or she need not be a specialist in the particular area at issue to offer an opinion (*see Tsimbler v Fell*, 123 AD3d at 1009; *Bodensiek v Schwartz*, 292 AD2d 411 [2002]; *Erbstein v Savasatit*, 274 AD2d 445 [2000]; *Allone v University Hosp. of N.Y. Univ. Med. Ctr.*, 235 AD2d 447, 448 [1997]; *Julien v Physician's Hosp.*, 231 AD2d 678, 680 [1996]). Any lack of skill or expertise goes to the weight of his or her opinion as evidence, not its admissibility (*see Adamy v Ziriakus*, 92 NY2d 396 [1998]; *Erbstein v Savasatit*, 274 AD2d 445, 445 [2000]; *Julien v Physician's Hosp.*, 231 AD2d 678, 680 [1996]).

The argument advanced by Merriam, Stony Brook, Greene, and Rampil that they should be granted partial summary judgment is not properly before this Court, as it was raised for the first time in their reply papers (*see Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048 [2015]; *Matter of Lipton v Lipton*, 98 AD3d 621, 622 [2012]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 206 [2009]).

The Supreme Court erred in denying that branch of the motion of Whittemore and Xiusheng Qin which was for summary judgment dismissing the complaint insofar as asserted against Whittemore. "A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (*Soto v Andaz*, 8 AD3d 470, 471 [2004]; *see Bellafiore v Ricotta*, 83 AD3d 632, 633 [2011]; *Costello v Kirmani*, 54 AD3d 656 [2008]; *Muniz v Katlowitz*, 49 AD3d 511, 513 [2008]). Here, Whittemore satisfied her initial burden by relying on deposition testimony which demonstrated that she was under the direct supervision of Rampil at the time she cared for the decedent, and that Rampil did not so greatly deviate from normal practice that Whittemore should be held liable for failing to intervene. In opposition, the plaintiff failed to raise a triable issue of fact. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.