■ In Sook Choi, Appellant, v Doshi Diagnostic Imaging Services, P.C., et al., Respondents, et al., Defendants. [61 NYS3d 31]—

Appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated July 7, 2014. The order granted the separate motions of the defendants Doshi Diagnostic Imaging Services, P.C., and Marina Perlov for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff was diagnosed with cancer of her left breast in October 2010, necessitating a mastectomy of that breast and chemotherapy. In April 2011, the plaintiff commenced this action against, among others, Doshi Diagnostic Imaging Services, P.C. (hereinafter Doshi Diagnostic), and Marina Perlov, a radiologist formerly employed by Doshi Diagnostic. The pleadings alleged, in sum, that Perlov had committed malpractice in failing to ensure that adequate radiologic studies of the plaintiff's left breast were taken during a mammogram and sonogram performed at Doshi Diagnostic on July 24, 2009. Following discovery, Doshi Diagnostic and Perlov separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, on the ground that the July 24, 2009, diagnostic studies were adequate and that Perlov's interpretation of those studies did not depart from the applicable standard of care. The Supreme Court granted the motions, and the plaintiff appeals.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Donnelly v Parikh*, 150 AD3d 820 [2017]; *Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 959 [2015]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1054 [2011]). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d at 960; *see Stukas v Streiter*, 83 AD3d at 23). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials "so as to demonstrate the existence of a triable issue of fact" (*Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Stukas v Streiter*, 83 AD3d at 30). A plaintiff

need only demonstrate the existence of a triable issue of fact "as to those elements on which the defendant met the prima facie burden" (*Harris v Saint Joseph's Med. Ctr.*, 128 AD3d 1010, 1012 [2015]; *see Stukas v Streiter*, 83 AD3d at 30). " 'General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment' " (*Raucci v Shinbrot*, 127 AD3d 839, 842-843 [2015], quoting *Bhim v Dourmashkin*, 123 AD3d 862, 864 [2014]).

Here, contrary to the plaintiff's contention, both Doshi Diagnostic and Perlov established, prima facie, that Perlov's treatment of the plaintiff did not depart from the applicable standard of care (*see Stukas v Streiter*, 83 AD3d at 30). Although Perlov testified at her deposition that one of the July 24, 2009, radiologic views of the plaintiff's left breast did not include the outer aspect of that breast, and was therefore "slightly suboptimal," Perlov attested that the missing area was visible in other views of the plaintiff's left breast taken on that same date and that the radiologic studies were adequate for diagnostic purposes. Doshi Diagnostic and Perlov each submitted, in support of their respective motions, an affidavit dated March 20, 2014, from Thomas Kolb, an expert in radiology, who opined, with a reasonable degree of medical certainty, that the July 24, 2009, radiologic studies were of adequate quality and were properly interpreted by Perlov. The affidavit of the plaintiff's medical expert, submitted in opposition, failed to raise a triable issue of fact (*see Raucci v Shinbrot*, 127 AD3d at 842-843; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054).

Accordingly, the Supreme Court properly granted the separate motions of Doshi Diagnostic and Perlov for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.