Hutchinson v New York City Health & Hosps. Corp. (2019 NY Slip Op 03775)





Hutchinson v New York City Health & Hosps. Corp.


2019 NY Slip Op 03775


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-11398
2017-11820
 (Index No. 500700/11)

[*1]Dianne Hutchinson, etc., appellant, 
v
New York City Health and Hospitals Corporation, et al., respondents, et al., defendants.


Law Office of Robert Kaminski, PLLC (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Eric Lee of counsel), for respondent New York City Health and Hospitals Corporation.
Martin Clearwater & Bell, LLP, New York, NY (Jean M. Post, Sean F.X. Dugan, and Yuko A. Nakahara of counsel), for respondents Utica Avenue Dialysis Clinic, Davita, Inc., and Empire State DC, Inc.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent Brooklyn Nephrology Group, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Michelle Weston, J.), dated September 22, 2017, and (2) a judgment of the same court dated October 23, 2017. The order granted the separate motions of the defendant New York City Health and Hospitals Corporation, the defendants Utica Avenue Dialysis Clinic, Davita, Inc., and Empire State DC, Inc., and the defendant Brooklyn Nephrology Group, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them, and, upon searching the record, awarded summary judgment to the defendant Carline Marie Guirand dismissing the complaint insofar as asserted against her. The judgment, upon the order, is in favor of those defendants and against the plaintiff, dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, the complaint is reinstated, the separate motions of the defendant New York City Health and Hospitals Corporation, the defendants Utica Avenue Dialysis Clinic, Davita, Inc., and Empire State DC, Inc., and the defendant Brooklyn Nephrology Group, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them is denied, the provision of the order which, upon searching the record, awarded summary judgment to the defendant Carline Marie Guirand dismissing the complaint insofar as asserted against her is vacated, and the order is otherwise modified [*2]accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.
The appeal from the order dated September 22, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Singh v Carrington, 18 AD3d 855).
The plaintiff, as administratrix of the estate of Schwartz Canton (hereinafter the decedent), commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendants New York City Health and Hospitals Corporation (hereinafter Kings County Hospital), Utica Avenue Dialysis Clinic, Davita, Inc., Empire State DC, Inc. (hereinafter collectively Utica), Brooklyn Nephrology Group, P.C. (hereinafter Brooklyn Nephrology), Carline Marie Guirand, and another defendant.
In October 2009, vascular surgeon Jon Kirwin from Kings County Hospital surgically created an arteriovenous fistula (hereinafter AVF) in the decedent's upper left arm as an access site for dialysis treatments. On August 25, 2010, during one of the decedent's scheduled dialysis visits with Utica, a nurse examined the decedent and, believing that the AVF was infected, conferred with Guirand, an attending nephrologist, who directed that the decedent be transferred to Kings County Hospital's emergency room for evaluation. The decedent presented to Kings County Hospital where he was evaluated by Kirwin, who cleared him for dialysis. The decedent underwent dialysis at Kings County Hospital without incident that day, and two days later reported to Utica for his scheduled dialysis treatment. The decedent underwent dialysis at Utica on August 27, 2010, and August 30, 2010, without incident. On August 31, 2010, the decedent was found unconscious at home and died on the way to the hospital. The cause of death was a rupture of the AVF.
The plaintiff alleged that the defendants' negligent treatment of the AVF proximately caused the decedent's death. Specifically, the plaintiff alleged that the defendants departed from accepted medical practice in not removing the AVF and in continuing to use it as a site for dialysis access given that it was infected and had an aneurysm, the combination of which rendered the AVF unstable and at risk for spontaneous rupture.
Kings County Hospital, Utica, and Brooklyn Nephrology (hereinafter collectively the moving defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated September 22, 2017, the Supreme Court granted the motions, and searched the record and awarded summary judgment to Guirand dismissing the complaint insofar as asserted against her. The court determined that, through the moving defendants' expert affirmations, the deposition testimonies of Kirwin and Guirand, and the medical records, each of the moving defendants established its prima facie entitlement to judgment as a matter of law. The Supreme Court also determined that the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff appeals, and we reverse.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Donnelly v Parikh, 150 AD3d 820, 822; Leavy v Merriam, 133 AD3d 636, 637; Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 960; see Stukas v Streiter, 83 AD3d at 23). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials "so as to demonstrate the existence of a triable issue of fact" (Salvia v St. Catherine of Sienna Med. Ctr., 84 AD3d 1053, 1054; [*3]see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30).
Here, in support of their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, the moving defendants submitted expert affirmations that established, prima facie, that none of them departed from good and accepted standards of medical practice in their treatment of the decedent and that no alleged departure was the proximate cause of the plaintiff's injuries (see Stukas v Streiter, 83 AD3d at 30; Mitchell v Grace Plaza of Great Neck, Inc., 115 AD3d 819, 820; Arocho v D. Kruger, P.A., 110 AD3d 749; Khosrova v Westermann, 109 AD3d 965, 966; Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp., 51 AD3d 769, 770). However, in opposition, the plaintiff raised triable issues of fact through her expert affirmations as to whether the defendants departed from accepted standards of practice by continuing with dialysis on an AVF that presented with infection and aneurysmal dilatation and whether the continued dialysis caused the AVF to rupture. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519 [citation omitted]; see Colao v St. Vincent's Med. Ctr., 65 AD3d 660, 661).
Accordingly, we do not agree with the Supreme Court's determination to grant the moving defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them and, upon searching the record, to award summary judgment to Guirand dismissing the complaint insofar as asserted against her (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325; Stukas v Streiter, 83 AD3d 18, 25-26).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court