■ CHARLES O. WRIGHT, III, et al., Respondents, v CETEK TECHNOLOGIES, INC., Appellant, et al., Defendants. [735 NYS2d

804] —In an action to recover damages for breach of contract, the defendant Cetek Technologies, Inc., appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated February 14, 2001, which granted the plaintiffs' motion for summary judgment in the principal sum of $74,500, and (2) a judgment of the same court, entered February 27, 2001, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated upon the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In support of their motion for summary judgment, the plaintiffs offered a signed contract and alleged an oral modification establishing the parties' sale—purchase agreement and the terms thereof, and an affidavit by the plaintiff Charles O. Wright, III attesting to the appellant's breach of that contract. The oral modification, about which there is no dispute, provided that the balance of the purchase price would be paid from the proceeds of the auction of certain assets. The parties dispute, however, what the proceeds actually were and how the oral modification should be applied. The existence of sharply disputed issues of fact between the plaintiffs and the appellant warranted denial of the plaintiffs' motion for summary judgment. The Supreme Court erred in taking into consideration certain checks totaling $74,500 which the plaintiffs presented for the first time in their reply papers. The appellant had no opportunity to refute or explain those checks from the auctioneer made payable to it. Therefore, this material will not be considered on appeal (*see, Parratta v McAllister,* 283 AD2d 625; *Medugno v City of Glen Cove,* 279 AD2d 510, 511-512). Luciano, J. P., Townes, Crane and Prudenti, JJ., concur.