■ VICKY BJORKE et al., Respondents, v IRA RUBENSTEIN et al., Defendants, and JOSEPH YACOVONE et al., Appellants. [833 NYS2d 115]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Joseph Yacovone, Julie L. Barudin, and Horton Medical Center appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), entered March 3, 2006, which denied their separate motions to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3126 and due to spoliation of evidence.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the appellants' motions to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3126 and due to spoliation of evidence. To impose the drastic remedy of striking a pleading pursuant to CPLR 3126, there must be a clear showing that a party's failure to comply with discovery demands was willful and contumacious (*see Mylonas v Town of Brookhaven,* 305 AD2d 561, 562-563 [2003]). Here, the appellants failed to make such a showing.

Furthermore, while the sanction of dismissal of a pleading may be imposed upon a party who negligently loses key evidence even absent willful or contumacious conduct (*id.*), it is not appropriate where the loss does not deprive the opposing party of the means of establishing a claim or a defense (*see Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341 [2002]). Contrary to the appellants' contention, they failed to show that the loss of original films deprived them of the evidence needed to establish a defense. We have not considered the physician's affirmation, which was improperly submitted by the appellants in their reply papers on the motions (*see Parratta v McAllister,* 283 AD2d 625 [2001]). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.