■ Antonio Carducci, Respondent-Appellant, v Abbe Sohne Bensimon, Respondent and Michael A. Piccirillo, Appellant-Respondent. [981 NYS2d 599]—

In an action, inter alia, to recover damages for breach of contract and to recover upon an alleged personal guarantee, the defendant Michael A. Piccirillo appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered September 19, 2012, as, upon granting that branch of his motion which was for leave to amend his answer to assert a statute of frauds defense, denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him based on that defense, and the plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendant Michael A. Piccirillo which was for leave to amend his answer to assert a statute of frauds defense, and granted the separate motion of the defendant Abbe Sohne Bensimon for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Michael A. Piccirillo which was for summary judgment dismissing the complaint insofar as asserted against him based on the statute of frauds defense is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Michael A. Piccirillo which was for leave to amend his answer to assert a statute of frauds defense. "Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Faiella v Tysens Park Apts., LLC*, 110 AD3d 1028, 1029 [2013]; *see* CPLR 3025 [b]; *Carroll v Motola*, 109 AD3d 629, 630 [2013]). Lateness alone is not a barrier to the amendment (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006]). Here, in opposition to that branch of Piccirillo's motion which sought leave to amend his answer, the plaintiff failed to demonstrate the existence of any prejudice or surprise that would result from the amendment, or that the proposed amendment was palpably insufficient or patently devoid of merit (*see Deutsche Bank Trust Co. Ams. v Cox*, 110 AD3d 760, 762 [2013]; *Faiella v Tysens Park Apts., LLC*, 110 AD3d at 1029; *Mackenzie v Croce*, 54 AD3d 825, 826-827 [2008]).

However, upon granting leave to amend, the Supreme Court also should have granted that branch of Piccirillo's motion which was for summary judgment dismissing the complaint insofar as asserted against him based on his statute of frauds defense. Piccirillo established his prima facie entitlement to judgment as a matter of law by demonstrating that the alleged agreement to answer for the debt of another was not in writing and, therefore, was unenforceable (*see* General Obligations Law § 5-701 [a] [2]; *Paul, Weiss, Rifkind, Wharton & Garrison v Westergaard*, 75 NY2d 755, 756 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact regarding the applicability of any exception to the writing requirement so as to warrant the denial of summary judgment (*see CDJ Bldrs. Corp. v Hudson Group Constr. Corp.*, 67 AD3d 720, 722 [2009]; *Carey & Assoc. v Ernst*, 27 AD3d 261, 263-264 [2006]).

Additionally, the Supreme Court properly awarded summary judgment dismissing the complaint insofar as asserted against the defendant Abbe Sohne Bensimon. In support of her motion, Bensimon demonstrated her prima facie entitlement to judgment as a matter of law pursuant to the provisions of the Connecticut Home Improvement Act (*see* Conn Gen Stat § 20-429), which the Supreme Court correctly determined is applicable to this matter. The plaintiff failed to raise a triable issue of fact in opposition to Bensimon's motion. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.