■ PETER JASON SCHELCHERE et al., Appellants, v FRANCIS R. HALLS, Respondent. [991 NYS2d 345]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated November 20, 2013, which denied their motion for leave to amend the complaint to assert additional causes of action alleging negligent infliction of emotional distress and breach of contract.

Ordered that the order is affirmed, with costs.

Leave to amend pleadings should be freely given, provided that the proposed amendment does not prejudice or surprise the opposing party and is not palpably insufficient or patently devoid of merit (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Countrywide Home Loans, Inc. v Gibson*, 111 AD3d 875, 876 [2013]; *Kruger v EMFT, LLC*, 87 AD3d 717, 718 [2011]). A motion to amend is addressed to the sound discretion of the court, and its determination will not lightly be set aside (*see Edenwald Contr. Co. v City of New York*, 60 NY2d at 959; *Pappas & Marshall v Ross Logistics*, 222 AD2d 424 [1995]; *Caruso v Anpro, Ltd.*, 215 AD2d 713 [1995]).

Here, given the plaintiffs' extensive and unexplained delay in seeking to amend their complaint based on facts that were known to them since the onset of the litigation (*see Heller v Louis Provenzano, Inc.*, 303 AD3d 20, 24 [2003]; *Whalen v 50*

*Sutton Place S. Owners*, 276 AD2d 356, 357 [2000]; *Caruso v Anpro, Ltd.*, 215 AD2d 713, 714 [1995]), the prejudice to the defendant that would result from the amendment, and the plaintiffs' improper submission of a portion of their request for leave to amend and supporting evidence for the first time in their reply papers on the motion (*see Bjorke v Rubenstein*, 38 AD3d 580, 581 [2007]; *Drake v Drake*, 296 AD2d 566 [2002]; *Wright v Cetek Technologies*, 289 AD2d 569, 570 [2001]), the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.