■ TITO VIDAL, Appellant, v CLAREMONT 99 WALL, LLC, Defendant, and T-MOBILE USA, INC., Respondent, et al., Proposed Additional Defendant. [2 NYS3d 186]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), entered February 24, 2014, as denied that branch of his motion which was for leave to amend the complaint and bill of particulars with regard to the location of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs payable by the defendant T-Mobile USA, Inc., and that branch of the plaintiff's motion which was for leave to amend the complaint and bill of particulars with regard to the location of the subject accident is granted.

On January 16, 2009, the plaintiff was working as a drywall finisher/painter for nonparty Schimenti Construction Company, which was performing construction work inside certain premises on behalf of the defendant T-Mobile USA, Inc. (hereinafter T-Mobile). The plaintiff allegedly sustained injuries when a scaffold he was standing on collapsed, causing him to fall several feet to the floor.

On July 22, 2011, the plaintiff commenced the instant action. The plaintiff alleged that the subject accident occurred at 99 Wall Street, and he sought to recover damages for personal injuries from T-Mobile and the defendant Claremont 99 Wall Street, LLC, the owner of the 99 Wall Street premises. The plaintiff's bill of particulars also set forth that the subject accident occurred at the 99 Wall Street premises.

However, on April 15, 2013, at the plaintiff's deposition, it was disclosed that the subject accident did not occur at the 99 Wall Street premises, but rather, occurred at another building where a T-Mobile store was being constructed, located at 125 Maiden Lane. The plaintiff thereafter moved, inter alia, pursuant to CPLR 3025 (b), for leave to amend the complaint and bill of particulars to correct the address of the premises at which the subject accident occurred. Only T-Mobile submitted opposition to that branch of the motion. The Supreme Court denied that branch of the plaintiff's motion.

Leave to amend pleadings pursuant to CPLR 3025 (b) should be freely given, provided that the proposed amendment does not prejudice or surprise the opposing party and is not palpably

insufficient or patently devoid of merit (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; *Schelchere v Halls*, 120 AD3d 788 [2014]). "Lateness alone is not a barrier to the amendment" (*Carducci v Bensimon*, 115 AD3d 694, 695 [2014]). "It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (*Edenwald Contr. Co. v City of New York*, 60 NY2d at 959 [internal quotation marks omitted]; *see HSBC Bank v Picarelli*, 110 AD3d 1031, 1032 [2013]).

In the instant action, it is undisputed that the proposed amendment was neither palpably insufficient nor patently devoid of merit. The only source of challenge is the lateness of the proposed amendment coupled with alleged prejudice. However, T-Mobile failed to establish prejudice (*see generally Lucido v Mancuso*, 49 AD3d 220 [2008]), and thus, the Supreme Court erred in denying leave to amend the complaint and bill of particulars. T-Mobile does not deny that it was constructing a store at 125 Maiden Lane using the plaintiff's employer as a contractor. With minimal effort upon receiving a complaint regarding the construction of a store in downtown Manhattan, T-Mobile could have ascertained the location of the subject accident. The original complaint plainly sets forth that the plaintiff was an employee of Schimenti Construction Company, which was performing construction work at the premises where the plaintiff was injured. Significantly, the defendants did not submit any evidence to the Supreme Court regarding any investigation they undertook. T-Mobile failed to demonstrate that it was impeded in investigating the plaintiff's claim, or that it undertook an investigation at the wrong site. T-Mobile simply relied on its counsel's unsubstantiated averment of prejudice (*see Hernandez v City of Yonkers*, 74 AD3d 1025, 1026-1027 [2010]). Furthermore, despite T-Mobile's contention to the contrary, there is no prejudice that can be suffered by T-Mobile as a result of the statute of limitations having expired on the plaintiff's direct claim as against the owner of the 125 Maiden Lane premises. The fact that the plaintiff's claim against the owner of the 125 Maiden premises was time-barred did not preclude a claim for contribution or contractual indemnity by T-Mobile. Such a claim accrues at the time of payment of an underlying claim and is subject to a six-year limitations period (*see* CPLR 213, 1401; *Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243 [2007]; *Bay Ridge Air Rights v State of New York*, 44 NY2d 49 [1978]; *Ruiz v Griffin*, 50 AD3d 1007, 1010 [2008]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that

branch of the plaintiff's motion which was for leave to amend the complaint and bill of particulars with regard to the location of the subject accident (*see Boivin v Marrano/Marc Equity Corp.*, 78 AD3d 1568, 1568-1569 [2010]; *Hernandez v City of Yonkers*, 74 AD3d 1025 [2010]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.