■ Michelle Lesniak, Respondent, v Stockholm Obstetrics & Gynecological Services, P.C., et al., Appellants. [18 NYS3d 689]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 26, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 31, 2010, at about 9:12 a.m., the plaintiff presented to the emergency room of Wyckoff Heights Hospital (hereinafter the hospital) complaining of lower abdominal pain. She reported that she had recently miscarried and had undergone a dilation and curettage. She was first seen by a resident, and later in the day, she was seen by the defendant John Riggs. The plaintiff underwent testing, including a sonogram. The sonogram revealed a 4.0-centimeter cystic mass on the right adnexa, and the ultrasound report noted that "an ectopic pregnancy cannot be excluded." A urine pregnancy test was positive, and a blood test revealed that the plaintiff's beta HCG was 18.5. That night, she was admitted to the hospital. Her chart indicated three potential causes for her symptoms: endometritis, a ruptured ovarian cyst, and appendicitis. The next morning, the defendant Peter Itzhak took over the plaintiff's care. The plaintiff's abdominal pain had intensified and Itzhak recommended an exploratory laparoscopy. The surgery was delayed until 5:25 p.m. because of scheduling issues. The surgery revealed a ruptured right ectopic pregnancy, and the plaintiff's right fallopian tube was removed.

In May 2012, the plaintiff commenced this action against the defendant doctors and their medical practice, Stockholm Obstetrics & Gynecological Services, P.C., alleging that the doctors' delay in diagnosing the plaintiff's ectopic pregnancy and in treating her condition caused her to lose a fallopian tube and suffer diminished fertility capacity.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). In moving for summary judgment dismissing a complaint alleging medical malpractice, a defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (*see Lingfei Sun v City of New York*, 99 AD3d 673, 675 [2012]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Once such a showing has been made, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Fritz v Burman*, 107 AD3d 936, 940 [2013]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law through the affirmation of a physician who specialized in obstetrics and gynecology. That physician opined that the care rendered to the plaintiff did not depart from the standard of care, and, in any event, that any departure was not a proximate cause of the plaintiff's injuries. However, in opposition thereto, the plaintiff raised triable issues of fact. Specifically, the plaintiff's expert opined that the plaintiff was exhibiting symptoms of an ectopic pregnancy when she presented at the hospital, that the delay in her treatment was a departure from accepted medical practice, and such departure was a proximate cause of the plaintiff's injuries.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Chambers, Roman and Barros, JJ., concur.