◼ Maria E. Ortiz, Appellant, v Akella Chendrasekhar et al., Defendants, and Ramon M. Cabanas et al., Respondents. [63 NYS3d 403]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Weston, J.), dated June 2, 2014, as granted the motion of the defendants Ramon M. Cabanas and Ramon M. Cabanas, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them and

denied that branch of her cross motion which was for leave to amend the bill of particulars with respect to those defendants.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the motion of the defendants Ramon M. Cabanas and Ramon M. Cabanas, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied, and that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars with respect to those defendants is granted.

In December 2011, the plaintiff went to the emergency room at Wyckoff Heights Medical Center (hereinafter Wyckoff) with gastrointestinal complaints. She was admitted and treated by various physicians. She underwent surgery to remove her gallbladder. The plaintiff was discharged and shortly thereafter returned to Wyckoff on two separate occasions. It was eventually discovered that her common bile duct had been transected during the surgery. The plaintiff commenced this action against, among others, Ramon M. Cabanas and Raymond M. Cabanas, M.D., P.C. (hereinafter together the defendants), alleging, inter alia, medical malpractice. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved, inter alia, for leave to amend the bill of particulars she had served on the defendants to add additional dates of alleged negligent treatment. The Supreme Court granted the defendants' motion and denied that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars. The plaintiff appeals.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Donnelly v Parikh*, 150 AD3d 820, 822 [2017]; *Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 960 [2015]). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d at 960; *see Stukas v Streiter*, 83 AD3d at 23). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials "so as to demonstrate the existence of a triable issue of fact" (*Salvia v St. Catherine of Sienna Med.*

*Ctr.*, 84 AD3d 1053, 1054 [2011]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Stukas v Streiter*, 83 AD3d at 30).

Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. Their submissions failed to eliminate all triable issues of fact as to whether Cabanas deviated from accepted standards of care in treating the plaintiff and failing to diagnose her transected bile duct, and whether any deviation on Cabanas's part was a proximate cause of the plaintiff's injuries. Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

"Leave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (*Tuapante v LG-39, LLC*, 151 AD3d 999, 1000 [2017] [internal quotation marks omitted]; *see Vidal v Claremont 99 Wall, LLC*, 124 AD3d 767, 767-768 [2015]). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the bill of particulars with respect to the defendants. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.