Jagenburg v Chen-Stiebel (2018 NY Slip Op 07293)





Jagenburg v Chen-Stiebel


2018 NY Slip Op 07293


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-03923
 (Index No. 1693/14)

[*1]Lauren Jagenburg, et al., respondents, 
v
Agnes S. Chen-Stiebel, etc., et al., defendants, Harvey S. Marchbein, etc., appellant.


Martin Clearwater & Bell LLP, East Meadow, NY (Barbara D. Goldberg, Rosaleen T. McCrory, Scott O. Frycek, and Greg Cascino of counsel), for appellant.
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Harvey S. Marchbein appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated February 19, 2016. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff Lauren Jagenburg (hereinafter the plaintiff) gave birth in August 2012 by means of forceps delivery at the defendant North Shore University Hospital. The plaintiff was a private patient of the defendants Agnes S. Chen-Stiebel and ProHealth Care Associates, LLP. During the plaintiff's labor, Chen-Stiebel consulted with the defendant Harvey S. Marchbein with regard to forceps delivery. Soon after the consultation, Marchbein either directed or performed an episiotomy and performed the forceps delivery. After the delivery, Marchbein left the delivery room, and Chen-Stiebel, along with a first-year resident, repaired the plaintiff's episiotomy. The plaintiff, and her husband suing derivatively, commenced this action against Chen-Stiebel, Marchbein, and others to recover damages, inter alia, for medical malpractice related to complications from the episiotomy and its repair. After discovery was completed, Marchbein moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court, inter alia, denied the motion, and Marchbein appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A physician seeking summary judgment dismissing a complaint alleging medical malpractice "must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. at 24). Where the defendant has satisfied that burden, a plaintiff must "submit evidentiary facts or materials to rebut the defendant's prima facie showing" (id. at 30).
Here, Marchbein established his prima facie entitlement to judgment as a matter of [*2]law by submitting the affirmation of a medical expert who concluded that the care and treatment Marchbein rendered was appropriate in all respects and was not, in any event, a proximate cause or contributing factor to any of the plaintiff's alleged injuries (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 961). In opposition, however, the plaintiff raised triable issues of fact by submitting the affirmation of a medical expert who concluded that a fourth-degree laceration was caused during the forceps delivery and went undiagnosed, that Marchbein departed from the applicable standard of care by failing to repair the episiotomy and in failing to perform a digital rectal examination post-delivery, and that such departures were a proximate cause of the plaintiff's injuries (see Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 961).
Contrary to Marchbein's contention, his duty of care extended to the departures alleged by the plaintiff (see Leto v Feld, 131 AD3d 590, 592; Trauring v Gendal, 121 AD3d 1097, 1098).
Marchbein's remaining contention is without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court