Cioffi v S.M. Foods, Inc. (2019 NY Slip Op 09252)





Cioffi v S.M. Foods, Inc.


2019 NY Slip Op 09252


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-05298
 (Index No. 55391/11)

[*1]Frederick M. Cioffi, et al., appellants,
v
S.M. Foods, Inc., et al., respondents (and a third-party action).


Grant & Longworth, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellants.
White & Quinlan, LLP, Garden City, NY (Terence M. Quinlan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated April 11, 2016. The order denied the plaintiffs' cross motion for leave to amend their bill of particulars and interrogatory responses.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' cross motion for leave to amend their bill of particulars and interrogatory responses is granted.
"While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise" (Kirk v Nahon, 160 AD3d 823, 824), "once discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Mackauer v Parikh, 148 AD3d 873, 877 [internal quotation marks omitted]; see Schreiber-Cross v State of New York, 57 AD3d 881, 884). "Where a motion for leave to amend a bill of particulars alleging new theories of liability not raised in the complaint or the original bill is made on the eve of trial, leave of court is required, and judicial discretion should be exercised sparingly, and should be discreet, circumspect, prudent, and cautious" (Navarette v Alexiades, 50 AD3d 869, 870-871; see Schreiber-Cross v State of New York, 57 AD3d at 884).
Nevertheless, "[l]eave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant" (Ortiz v Chendrasekhar, 154 AD3d 867, 869 [internal quotation marks omitted]; see Tuapante v LG-39, LLC, 151 AD3d 999, 1000; Vidal v Claremont 99 Wall, LLC, 124 AD3d 767, 767-768). Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine (see Edenwald [*2]Contr. Co. v City of New York, 60 NY2d 957, 959; Vidal v Claremont 99 Wall, LLC, 124 AD3d at 768; HSBC Bank v Picarelli, 110 AD3d 1031, 1032).
Here, despite their unreasonable and unexplained delay in seeking leave to amend their bill of particulars and interrogatory responses, the plaintiffs did not seek to assert any new theory of liability, but rather, sought to narrow a theory previously asserted. Specifically, whereas the plaintiffs had previously alleged violation of "all provisions of the [Federal Motor Carrier Safety Regulations] Parts 300 to 399," their proposed amendment sought to narrow this allegation to specify a violation of 49 CFR 392.2 as a result of a violation of Tuckahoe Village Code § 21-33.1. Since the proposed amendment was meritorious and sought to narrow the issues before the Supreme Court, the court should have granted the plaintiffs' cross motion for leave to amend their bill of particulars and interrogatory responses as requested (cf. Gjeka v Iron Horse Transp., Inc., 151 AD3d 463, 464-465; Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court